UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31096
Summary Calendar
_____


WAYNE R. CENTANNI,

                                        Plaintiff - Appellant,

                            versus

HARRY LEE, in his individual capacity; ANGLO AMERICAN
INSURANCE COMPANY, LIMITED; STATE FARM INSURANCE COMPANY;
LOUISIANA SHERIFFS' RISK MANAGEMENT ASSOCIATION, Originally
sued as Louisiana Sheriff's Risk Management Program; DANIEL R.
MARTINY; FRANZ L. ZIBILICH; LEE, MARTINY & CARACCI,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(93-CV-265-C)
_____


August 28, 1996
Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Wayne Centanni appeals from adverse orders of the district

court dismissing his various § 1983 and state law claims against

Jefferson Parish Sheriff Harry Lee, the Louisiana Sheriffs' Risk

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

Management Association ("LSRMA"), State Farm Fire and Casualty Company ("State Farm"), Anglo American Insurance Company ("Anglo"), attorneys Daniel Martiny and Franz Zibilich, and their law firm. Having carefully reviewed the record, we affirm for essentially the reasons provided in the district court's thorough orders.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 1990, Wayne Centanni, then an uncompensated volunteer reserve deputy, and other deputies were involved in a physical altercation with Brian Forde at a restaurant in Jefferson Parish. Forde sued Centanni, the other deputies, and Sheriff Lee alleging § 1983 violations. The LSRMA, the sheriff's self-insurance program, assumed defense of Lee and the deputies in the Forde litigation and hired the law firm of Lee, Martiny and Caracci ("LM&C") to represent the defendants. LM&C attorneys Daniel Martiny and Franz Zibilich provided the defense. Prior to the Forde trial, Centanni also notified his homeowner's insurer, State Farm, of the claim against him. State Farm provided him additional counsel while expressly reserving its right to contest coverage. On the eve of trial in the Forde litigation, the district court[1] determined that State Farm's policy did not provide coverage; State Farm's counsel withdrew.

The Forde jury returned a verdict against the deputies,

---

[1] Both the Forde lawsuit and this action were filed in the Eastern District of Louisiana. Judge Feldman presided over the Forde litigation and held that the State Farm homeowner's policy did not provide coverage. Judge Berrigan presided over the many orders and issues presented in Centanni's lawsuit.

2

including Centanni. It also found Lee liable under a respondeat superior theory. After entry of judgment, LM&C appealed on behalf of all defendants. Centanni also filed a separate pro se appeal. Following a settlement agreement in which the other defendants satisfied the judgment against Centanni, the LM&C appeal was dismissed by this Court with prejudice; Centanni's independent appeal was dismissed as moot.

While the appeals in the Forde litigation were pending, Centanni filed this lawsuit against Lee, LSRMA, LM&C, Martiny, Zibilich, State Farm, and an excess coverage insurer, Anglo. The essence of his claims against the defendants was that he received inadequate representation in the Forde litigation. Centanni alleged that LM&C should not have been appointed to represent him in the Forde lawsuit because the firm also represented members of a condominium association that were involved in an unrelated civil suit against Centanni. At bottom, Centanni asserted that the law firm essentially "sacrificed" his interests in order to protect Lee, such as failing to impeach the credibility of those witnesses testifying against him. Centanni claimed these grievances amounted to constitutional violations redressable under § 1983. Moreover, Centanni alleged that State Farm should not have been allowed to withdraw as counsel in the Forde litigation and that Anglo similarly had a duty to defend.

Despite Centanni's blunderbuss approach to this lawsuit, the district court adroitly issued a series of orders resolving his

3

complaints against each of the defendants.  As to Sheriff Lee and the other alleged state actors, the district court found there was no clearly established constitutional right to conflict-free counsel in this context and hence qualified immunity.  Centanni's claim of retaliatory firing was dismissed on the ground that he was an uncompensated volunteer.  Additional state law claims against LSRMA were dismissed because, assuming a conflict existed, there was no causal link between Centanni's alleged injury and the conduct of Centanni's attorney in the Forde litigation.  The district court also granted summary judgment for State Farm and Anglo on the basis that neither had a duty to defend Centanni.  Centanni now appeals each of the conclusions.

## DISCUSSION

A.   Claims against Lee, LSRMA, LM&C, Martiny & Zibilich

At the heart of Centanni's lawsuit is his contention that he was denied conflict-free counsel in the Forde litigation and that this denial rises to a constitutional dimension.  The district court dismissed these claims[2] on the basis that, even assuming a conflict existed, there was no clearly established constitutional right to conflict-free counsel in this context.  The district court is correct.

Stripped of all the constitutional buzz words, Centanni

_____

[2]   Specifically, the district court granted Lee's Rule 12(b)(6) motion to dismiss the § 1983 claim for failure to state a claim. Subsequently, the court granted motions for summary judgment on the similar § 1983 claims against the remaining defendants.

4

essentially contends that if he had been appointed independent counsel, a different trial strategy would have been used. He further speculates that had a different plan been used, the outcome would somehow be different. Significantly, Centanni cites no authority for the proposition that he possessed a constitutional right to have independent counsel appointed for him and to direct the trial strategy in this civil lawsuit. While the right of physical access to the courts exists and may stand to bar impediments to filing suit, such a claim is not raised in this case. Rather, Centanni alleges that he lacked meaningful access because trial counsel failed to protect his interests in the Forde litigation. However, there is no clearly established constitutional right to the appointment of independent, conflict-free counsel. The right to appointed counsel in civil cases is extremely limited. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). If there is no right to counsel, there is obviously no right to effective counsel. Id. Moreover, there is no clearly established constitutional right to be free of post-filing violations. See Foster v. City of Lake Jackson, 28 F.3d 425, 430-31 (5th Cir. 1994). In the absence of a clearly established constitutional right, the defendants properly invoked qualified immunity. Because the plaintiff was unable to overcome the immunity defense, the district court properly dismissed the § 1983 claims.

The residual state law claims similarly fall. Centanni

alleges retaliatory firing against Lee.  It is undisputed that Lee terminated Centanni's commission as reserve deputy following a citizen's complaint.  However, Centanni was an uncompensated, volunteer deputy.  As such, he cannot assert any protected interest arising from continued "employment" or "firing."  See Swick v. City of Chicago, 11 F.3d 85, 86-87 (7th Cir. 1993).  Moreover, Centanni never requested a name-clearing hearing after termination as this Court has counseled is required.  See Howze v. City of Austin, 917 F.2d 208, 208 (5th Cir. 1990).

Additionally, any state law claims[3] against LSRMA were appropriately disposed by summary judgment.  The district court properly noted that, as a matter of law, Centanni could not establish a causal link between any alleged conflict of counsel and his asserted damages.  The jury in the underlying Forde litigation returned a verdict against Sheriff Lee and three deputies.  No reasonable juror could conclude that counsel somehow sacrificed Centanni's interests in favor of Lee.[4]

---

[3]  It is unclear if Centanni asserts any claims against LSRMA other than the § 1983 claim.  In his briefing to this Court, Centanni claims error in the dismissal of the § 1983 claim.  The district court, however, granted summary judgment against any state law claim for failure to provide conflict-free counsel.  Out of caution, we briefly address the failure of any state claim in this context.

[4]  Moreover, the specific manifestations of conflict Centanni cites illustrate the dubious nature of this claim.  Centanni complains that members of the condominium association testified against him in the Forde trial.  However, the record reflects that counsel objected to this testimony at trial.  Additionally, Centanni and the other defendants were represented by Zibilich at trial while other members of the law firm were involved in the

6

B.    Claims against State Farm & Anglo

The district court also granted summary judgment to two insurers, State Farm and Anglo, on the basis that they had no duty to provide an independent defense to Centanni. Again, this was not error. After notification of the claim against Centanni, State Farm initially provided independent counsel under an express reservation of right to contest coverage in the Forde litigation. Before trial, the Forde court specifically declared that the State Farm homeowner's insurance policy did not provide coverage for the claims against Centanni. State Farm's counsel naturally withdrew. The absence of a duty to defend Centanni has been established as a matter of law. See West v. Board of Comm'rs, 591 So.2d 1358, 1360 (La. App. 1991) (in the absence of coverage, there is no duty to defend). To escape this fact, Centanni attempts to recast his claim on appeal arguing that he does not seek to relitigate the coverage issue. Rather, he claims that even though State Farm conclusively had no duty to defend, State Farm still could not withdraw its counsel on the eve of trial because it created undue prejudice to Centanni.

Centanni mistakenly relies on Pareti v. Sentry Indem. Co., 536 So.2d 417 (La. 1988), for this assertion. In Pareti, the Louisiana Supreme Court held that once a liability insurer exhausted its policy limits through good-faith settlement, it was no longer obligated to defend the insured in separate actions based on the

---

condo lawsuit.

7

same accident.  536 So.2d at 423-24.  In dicta, the court noted that the insurer should make efforts to avoid prejudicing the insured by its timing of withdraw.  Id. at 423 & n.9.  However, the language of Pareti does not extend to situations such as this one where the insurance policy provided no coverage and hence no duty to defend whatsoever.  Additionally, we note that in this case, State Farm specifically notified Centanni from the outset that it would contest coverage and indicated that he should retain additional counsel at his own expense.  Finally, Centanni was not left "high and dry" at trial, but was provided counsel by LM&C.[5] Consequently, summary judgment was appropriate on the state law claim against State Farm.

Summary judgment was also appropriate for the claim against Anglo.  Anglo provided excess coverage to the sheriff's department. As with the other defendants, Centanni alleged that Anglo was liable for failure to provide conflict-free counsel.  However, the unambiguous language of the Anglo policy states that it had "the right but not the duty" to participate in the defense of claims. Anglo chose not to provide Centanni a defense in the Forde litigation as was its right under the contract.  Centanni tries to escape summary judgement by alleging that there is a fact issue regarding whether Anglo participated in his defense.  The summary judgment evidence, however, reflects that at most Anglo was kept

_____

[5]    We also note that the alleged conflict with counsel was not brought to the attention of the Forde trial court until after the adverse jury verdict was returned.

8

abreast of the Forde litigation through correspondence with LM&C. The district court properly held that on such evidence no reasonable juror could conclude that Anglo provided Centanni a defense.

## CONCLUSION

The district court properly dismissed the § 1983 claims against Lee and the other alleged state actors because of qualified immunity. Similarly, summary judgment was appropriate on the retaliatory firing claim because Centanni was an uncompensated volunteer and any state law claim against LSRMA because of lack of causation. Finally, State Farm and Anglo had no duty to provide Centanni a defense and hence no claim arises against these insurers. The judgment of the district court is AFFIRMED.